The opinion of the court was delivered by
McEneuy, J.
The plaintiffs were mortgage creditors .of the defendant company. They obtained a writ of seizure and sale against the property of the cbmpany for their debt. The property was sold and adjudicated to plaintiffs. The price bid was paid into the hands of the sheriff.
After the sale of the factory L. Waterbnry & Co. tookarule against the City of New Orleans and the State to cancel and erase the inscriptions of the tax mortgages and privileges in favor of the city and State.
The grounds for the sale were that the property of the company, the lots and buildings and machinery were exempt from taxation under Act 207 of the Constitution of the State; that the taxes, tax privileges and mortgages were prescribed under Act 96 of 1882.
The taxes alleged to be due the City of New Orleans have been paid except those for 1888.
The only questions, therefore, presented are whether or not the property of the Atlas Cordage Company was exempt from taxation in pursuance of Act 207 of the Constitution, and if not have the taxes been prescribed as against the State.
*725 The defendant company was established, in the city of New Orleans in 1882.
Article 3 of the act of incorporation of the company says: ‘ ‘The purposes for which this corporation is established and the nature of the business to be carried on by it are declared and specified to be the conversion or manufacture of any textile, fibrous or other substance into cordage, twine, rope and other goods, ware sand commodities and the sale of such products, either as raw material or in a manufactured state; and in the execution of such object and purpose to erect and operate or conduct and carry on manufactures therefor.”
Property was acquired, and boilers, engines and machinery placed therein and the manufacture of rope was begun and continued with interruptions. A large amount of capital was invested and the factory when running employed over 100 hands. The meaning of the article of the Constitution is very piain. It was intended to cover all textile material used in converting it into manufactured articles, such as rope, fish lines, and other articles of like nature, either twisted or woven, or worked into another state or condition, so that it becomes a manufactured article from a textile material.
The property and machinery therefore employed in the manufacture of rope and twine in a factory which works more than five hands is exempt from taxation. City vs. Arthurs, 36 An. 98.
During the years 1883, 1884 the company ceased operations and was not engaged in the manufacture of any textile material into articles for which it was created. In 1885, 1886, 1887 the factory was in operation. In 1888 it was not manufacturing, for prudential reasons, on account of the high price of hemp and the difficulty of procuring the said material in Mexico.
The object of the constitutional exemption was to encourage the introduction into the State of machinery for the purpose of manufacturing the articles enumerated in Article 207. As long as the factory exists, and its property and machinery are dedicated to the purposes required by Article 207, the reasons for the exemption exist.
It was not the intention of the framers of the Constitution that the State should supervise the management of the factory, and inquire into the reason for every interruption of its business in order to subject its property to taxation. This course would destroy the object and purposes of the constitutional exemption, as. it is not likely that *726 capitalists would be willing to subject themselves to such inquiries.
The property and machinery, up to the time of the dissolution of the corporation, except for the years 1883 and 1884, are exempt from taxation, as the interruption in the operations of the factory were for satisfactory reasons.
In 1883 and 1884 the company leased the factory to Waterbury .& Co.
The object of the lease was to close the factory so that no rope could be manufactured.
It was evidently done for the purpose of stopping competition and reducing the supply of rope.
The closing of the factory for these years for this purpose was in •opposition to the declared object of Article 207. The property and machinery were not employed for the purpose for which the exemption was granted.
It is liable for taxation during these years, as it then abandoned the business of manufacturing rope.
The prescription of five years is pleaded against the taxes for these years for the taxes due the State. No interruption of prescription is shown. The plea must therefore prevail. Sec. 34, Act 96 of 1882.
Judgment affirmed.